

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# Ren v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4257

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ren v. Atty Gen USA" (2007). *2007 Decisions.* Paper 773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4257

JIA XING REN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                             Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-648-609
(U.S. Immigration Judge: Honorable Henry S. Dogin)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2007

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: July 12, 2007)

OPINION OF THE COURT

PER CURIAM.

        Petitioner Jia Xing Ren, a native and citizen of the People's Republic of China,

entered the United States in December 2003 without proper documentation and is

removable under Immigration and Nationality Act ("INA") § 237(a)(1)(A), 8 U.S.C. §

1227(a)(1)(A)(inadmissible at the time of entry).  In 2004, Ren applied for asylum and withholding of removal under INA §§ 208(a) and 241(b)(3), 8 U.S.C. §§ 1158(a) and 1231(b)(3), and for protection under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16-18, claiming that he had been persecuted on account of his perceived support of Falun Gong, a practice outlawed by the Chinese government.

Ren testified that, in July 1999, his girlfriend's mother's Falun Gong materials were confiscated from her home.  The mother, who was a Falun Gong practitioner, went into hiding for an extended period of time.  On February 4, 2000, Ren went to the site where the confiscated materials were held and stole a number of them.  The next day the police came and arrested him.  While in detention he was physically assaulted.  He was released after three days when he confessed to theft and paid a fine.  He sought treatment at a private clinic for his injuries.  Ren subsequently was employed by a company that transported published materials.  This position required him to travel.  On October 10, 2003, while on the way home, he saw several police officers at his home.  He did not return home, and was later told by his parents that they had been questioned by the police, who suspected that he was transporting Falun Gong materials.  The police later told his parents that he would be charged and so he fled China.  The Immigration Judge ("IJ") denied relief from removal, finding inconsistencies and thus a lack of credibility, and a lack of *official* corroboration of Ren's allegations.[1]

---

[1] The administrative record does, however, contain corroborating letters from family
(continued...)

On August 30, 2006, the Board of Immigration Appeals ("BIA") dismissed the appeal, finding that the IJ's adverse credibility determination and corroboration requirement were not clearly erroneous. With respect to Ren's arrest and assault after attempting to steal Falun Gong materials, the Board noted the discrepancy between Ren's asylum application, which stated that he was punched, kicked, and beaten in the head with a police stick, and Ren's testimony that he was only punched and kicked, and concluded that this incident was the heart of Ren's claim and the inconsistency regarding blows to the head with a stick was not minor. The Board also found that Ren had failed to establish the required nexus between the assault and one of the protected grounds, specifically disagreeing with the IJ's determination that the beating, if credibly established, would in and of itself constitute persecution. Finally, the Board upheld the requirement that the claim of injury be corroborated by disinterested parties. Ren's explanation for why he did not have such a letter – he did not realize he needed one – was unreasonable.

Ren has petitioned for review, a petition we will deny.[2] We have jurisdiction to review final orders of removal under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005. We generally only review final orders of the Board when the Board issues a decision on the merits. See Li v. U.S. Attorney General, 400 F.3d 157,

---

[1](...continued)
members and Ren's girlfriend.

[2] A motions panel of this Court previously granted Ren a stay of removal.

3

162 (3d Cir. 2005); <u>Abdulai v. Ashcroft</u>, 239 F.3d 542, 548-49 (3d Cir. 2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. <u>Chen v. Ashcroft</u>, 376 F.3d 215, 222 (3d Cir. 2004). We use a substantial evidence standard to review factual findings, including credibility determinations, 8 U.S.C. § 1252(b)(4)(B); <u>Tarrawally v. Ashcroft</u>, 338 F.3d 180, 184 (3d Cir. 2003), as well as findings of an applicant's past persecution or "well-founded fear of future persecution," <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002).

Under the substantial evidence standard, findings can be reversed only if the evidence presented was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. <u>Immigration & Naturalization Serv. v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). We will grant the petition for review only if the adverse credibility determinations are unsupported by the record or are based on mere conjecture. <u>Gao</u>, 299 F.3d at 272. Discrepancies in an applicant's testimony must involve the "heart of the asylum claim" to support an adverse credibility finding. <u>Id.</u>

The Board properly found Ren not credible based on several material inconsistencies between his written asylum application and removal hearing testimony, and his failure to offer any independent corroborating evidence. The inconsistency between his statement in his written asylum application that he was beaten on the head with a stick, and his testimony that he was not beaten on his head but only on his body, is significant because the beating is the event upon which his claim of past persecution is

4

based. The IJ found additional inconsistencies and omissions. The IJ discussed the absence in Ren's asylum application and family letters of any reference to Ren's girlfriend's mother being in hiding for several years. This is not a minor omission in a case in which one fears persecution on account of being perceived to be a Falun Gong supporter. Another troubling inconsistency noted by the IJ was that Ren failed to list his job delivering printed materials on his asylum application, even though he claimed to have held that job during several of the years for which the application requested employment information. These inconsistencies are sufficient to support the IJ's and the Board's adverse credibility determination.

We will not uphold the conclusions of the IJ or the Board if based on unsupported personal opinions. See Dia v. Ashcroft, 353 F.3d 228, 250 (3d Cir. 2003). But here, the Board provided specific, cogent reasons to support an adverse credibility determination that went to the heart of Ren's claim for asylum. A reasonable fact finder would not be compelled to reach an opposite conclusion. Finally, we agree that it was reasonable to require independent corroborating evidence. Abdulai, 239 F.3d at 554 (stating first step of analysis is identification of facts for which it is reasonable to expect corroboration). The Board's conclusion in this respect was not erroneous because Ren testified that he had sought treatment at a private clinic.

Since the asylum standard is a more lenient standard, an applicant's failure to establish eligibility for asylum forecloses eligibility for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Ren's CAT claim is also

5

without merit because he did not demonstrate that it was more likely than not that he would face torture, 8 C.F.R. 1208.16(c)(2), in the event he is returned to China.

For the foregoing reasons, we will deny the petition for review.